CHIN, J

Stephen Z. Starr (SS-3765)
Vildan E. Starr (VS-1350)
STARR & STARR, PLLC
260 Madison Ave., 17th Floor
New York, New York 10016
tel.  (212) 867-8165
fax.  (212) 867-8139

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARIA VICTORIA, INC.; UNITED STATES  :
PRODUCE BROKERS, INC.,               :
                                     :
                Plaintiffs,          :
                                     :
        -against-                    :
                                     :
M.Y. PRODUCE, INC., a New York       :
corporation, KON KIM, an individual, :
a/k/a YOUNG KIM; SUNG GON KIM, an    :
individual, a/k/a SAM KIM; BERRY FINE :
PRODUCE CORP., a New Jersey corporation :
MIN J. CHOI, a/k/a STEVE CHOI, an    :
individual, SILVIA SONG, an individual, :
                                     :
                Defendants.          :
                                     :
-----------------------------------------------------------x

Case No.: 09 Civ 3081 DC

**ORDER TO SHOW**
**CAUSE FOR**
**PRELIMINARY**
**INJUNCTION &**
**TEMPORARY**
**RESTRAINING ORDER**

Upon the declaration of Vincent De Somma dated March 28, 2009, and the

declaration of Stu Rice dated March 30, 2009 the attorney certification of Stephen Z. Starr,

dated March 30, 2009, the copy of complaint dated March 30, 2009, and plaintiffs'

memorandum of law dated March 30, 2009, it is hereby

**ORDERED**, that M.Y. PRODUCE, INC., a New York corporation ("M.Y.

Produce") and BERRY FINE PRODUCE, a New Jersey Corporation ("Berry Fine") show cause

before this Court, in Courtroom 11A, United States Court House, 500 Pearl Street, New

York, New York 10007 on __April 8__, 2009 at __11:30 a.m.__ of that day or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65(a) of the Federal Rules of Civil Procedure enforcing the statutory trust pursuant to Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §§ 499e(c) by requiring M.Y. Produce and Berry Fine (collectively, the "Corporate Defendants") to segregate all trust assets of M.Y. Produce and Berry Fine as it appears that MARIA VICTORIA, INC. and UNITED STATES PRODUCE BROKERS, INC., plaintiffs herein ("Plaintiffs") will suffer immediate and irreparable injury in the form of dissipation of trust assets by M.Y. Produce and Berry Fine and that such dissipation is ongoing and will be accelerated if M.Y. Produce and Berry Fine are given notice of this application; and it is further

**ORDERED**, until further order of this Court, or until M.Y. Produce and Berry Fine pay to Plaintiffs' counsel, Starr & Starr, PLLC, 260 Madison Ave., 17th Fl., New York, NY 10016 (Attn: Stephen Z. Starr, Esq.) the sum of $66,077.10 for plaintiff MARIA VICTORIA, INC. and the sum of $8,094.50, for plaintiff UNITED STATES PRODUCE BROKERS, INC., by cashier's check or certified check made payable to "Starr & Starr, PLLC - In Trust", or until Plaintiffs' counsel agree otherwise in writing, pending hearing and determination of this Order to Show Cause, M.Y. Produce, Berry Fine, and each of their agents, officers, directors, employees, successors, banking institutions, attorneys, and all other persons in active concert or participation with any of them shall not alienate, dissipate, pay over or assign any trust assets under § 499e(c) of PACA, which assets include but are not limited to perishable agricultural commodities received by M.Y. Produce and Berry Fine in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and

any receivables or proceeds from the sale of such commodities or products, whether involving plaintiffs or not; and it is further

**ORDERED**, that defendant M.Y. PRODUCE's interest in and to Units 264 and 265 at the New York City Terminal Produce Co-Operative Market (a/k/a Hunts Point Market), including but not limited (1) any lease between New York City Terminal Produce Co-Operative Market and defendant M.Y. Produce, Inc. with respect to Units 264 and 265 at the New York City Terminal Produce Co-Operative Market (a/k/a Hunts Point Market); and (2) all shares, stock or interest of defendant M.Y. Produce, Inc. with respect to Units 264 and 265 at the New York City Terminal Produce Co-Operative Market (a/k/a Hunts Point Market), shall be deemed trust assets under § 499e(c) of PACA in accordance with In re Kornblum & Co., Inc., 81 F.3d 280 (2nd Cir. 1995) and subject to the terms of this Order, unless otherwise ordered by this Court or agreed to in writing by Plaintiffs' counsel; and it is further

**ORDERED**, that this Order shall be binding upon the defendants, the officers, agents and employees of M.Y. Produce and Berry Fine, and each of their agents, officers, directors, employees, successors, banking institutions, attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, and it is further

**ORDERED**, that this Order shall be binding upon the New York City Terminal Produce Co-Operative Market (a/k/a Hunts Point Market) with respect to defendant M.Y. PRODUCE's interest in and to Units 264 and 265 at the New York City Terminal Produce Co-Operative Market (a/k/a Hunts Point Market) once it receives actual notice of this Order by personal service or otherwise; and it is further

ORDERED that Plaintiffs are not required to give security in view of the fact that M.Y. Produce and Berry Fine hold $66,077.10 of PACA trust assets which belong to plaintiff MARIA VICTORIA, INC and $8,094.50 of PACA trust assets which belong to plaintiff UNITED STATES PRODUCE BROKERS, INC.; and it is further

ORDERED, that service of a copy of this Order together with the pleadings, certifications, declarations and memoranda of law upon which it is based on or before __3/31__, 20_09_ at 5:00 p.m. on M.Y. Produce and Berry Fine shall be deemed good and sufficient service thereof

ORDERED, that Defendants must file and serve any papers in response to Plaintiffs' Motion by __4/6__ 2009 at _5_ pm., with courtesy copies to be delivered to Chambers by then.

Dated: __3/31/09__   11:10 am

_____
U.S. District Court Judge

-4-